■ Roy J. Fiandach et al., Plaintiffs, v. Floyd Mindnich, Defendant and Third-Party Plaintiff-Respondent. Vincent L. Fedele, Sr., et al., Doing Business as Mapledale Party House, Third-Party Defendants-Appellants.— Order unanimously reversed, with costs, motion granted and third-party complaint dismissed. Memorandum: Plaintiff seeks to recover damages from defendant for injuries received on the premises of third-party defendant. The material substantive allegations of the complaint are that defendant sat on an iron railing and fell therefrom striking plaintiff. The third-party complaint attempts to impose ultimate liability upon the owner of the premises because of the alleged slippery condition of the floor in front of the railing. This presents the initial question as to whether defendant was an active or passive tort-feasor. Examination of complaint and third-party complaint (cf. *Vaughan* v. *Globe Sign Co.*, 10 A D 2d 568, affd. 8 N Y 2d 776) establishes that the acts charged against defendant constituted active negligence. In other words "None of the allegations in the complaint can be construed as charging [defendant] with liability *without* actual *fault* on [his] part." (*Bush Term. Bldgs. Co.* v. *Luckenbach S. S. Co.*, 9 N Y 2d 426, 430–431.) It follows that respondent may not seek recovery over from appellant. (Appeal from order of Monroe Special Term denying motion to dismiss third-party summons and complaint.) Present — Del Vecchio, J. P., Gabrielli, Moule, Bastow and Henry, JJ.